**John J. Killen, Appellee, v. Gust. Irmiter, Appellant.**

**Gen. No. 28,946.**

1. BROKERS—*who are real estate brokers required to be licensed.* The provisions of the act providing for the licensing and regulating of real estate brokers and salesmen apply only to persons, associations, firms or corporations who, as a business or occupation, make or negotiate sales, purchases, leases, etc. of real estate for others, and not to persons who are not in the business or occupation but make or negotiate a single sale for another.

2. BROKERS—*agent for single sale as broker.* Where plaintiff was engaged in selling the stock of a corporation and defendant agreed to purchase some of it if plaintiff would procure a purchaser of real estate owned by him, which plaintiff did, but defendant decided not to take the stock and released the purchaser of his property from the contract made and agreed with plaintiff on the compensation due him for procuring the purchaser, that being the only real estate transaction plaintiff had engaged in, plaintiff was not a real estate broker or salesman within the meaning of Cahill's Ill. St. 1923, ch. 17a, so as to be debarred from recovering a balance due under such agreement, though he was not licensed as a real estate broker.

Killen v. Irmiter, 233 Ill. App. 116.

Appeal by defendant from the Municipal Court of Chicago; the Hon. EMANUEL ELLER, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1923. Affirmed. Opinion filed May 27, 1924.

WYMAN, HOPKINS, MCKEEVER & COLBERT, for appellant; AUSTIN L. WYMAN, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

In a fourth class action in contract, the municipal court found the issues against defendant on plaintiff's statement of claim and defendant's set-off and assessed plaintiff's damages at $87.50. Judgment was entered on the finding and defendant appealed. No brief has been filed by plaintiff in this appellate court.

The following facts appeared upon the trial: On August 1, 1922, plaintiff was a salesman engaged in selling the stock of a certain corporation, and on or about that date he asked defendant to purchase some of the stock. Defendant agreed to do so, to the extent of three thousand dollars' ($3,000) worth of the stock, if plaintiff would find a purchaser for defendant's house. Shortly thereafter plaintiff found a purchaser, Mrs. Reiman, who signed a contract for the purchase of the house and paid $500 as earnest money to defendant. On August 10, 1922, defendant decided not to purchase any of said stock, and he, at Mrs. Reiman's request, released her from her contract to purchase the house and returned to her the $500 earnest money. Plaintiff insisted that he was entitled to some compensation, and it was then agreed between plaintiff and defendant that the former should receive the sum of $187.50, "in lieu of said agreement to purchase said stock," and defendant then paid plaintiff $100, and promised to pay the balance, $87.50, within a week, but did not do so. During the month of Au-

gust, 1922, plaintiff was not licensed or registered as a real estate broker under the Act of the Illinois legislature, passed in 1921, entitled ''An act in relation to the definition, registration and regulation of real estate brokers and real estate salesmen.'' (Cahill's Stat. 1923, Chap. 17a), but he had never before or since been engaged in any other real estate brokerage transaction.

Plaintiff commenced the present action on May 7, 1923, to recover said balance of $87.50, and defendant, in his affidavit of merits and upon the trial, contended against such recovery, upon the ground, among other grounds, that plaintiff was not and never had been a licensed or registered real estate broker under said Act. Defendant also filed a set-off or counter-claim, claiming he was entitled to recover back the $100, paid plaintiff as aforesaid. The trial court held that the parties could make a contract for the payment to plaintiff of a commission for the sale of defendant's real estate, even though plaintiff was not licensed and registered under said Act as a real estate broker.

Counsel for defendant here contend in substance that, because of the provisions of the Act, particularly sections 1 and 2 [Cahill's Ill. St. ch. 17a, ¶¶ 1, 2], plaintiff, in finding a purchaser for defendant's house and in negotiating the contract signed by Mrs. Reiman when he was not a licensed or registered real estate broker, was engaged in an unlawful act, and, hence, cannot recover for said balance due for his services under plaintiff's subsequent agreement to pay $187.50 therefor.

In *O'Neill v. Sinclair,* 153 Ill. 525, our Supreme Court, in construing the ordinance of the City of Chicago requiring a real estate broker to take out a license as such, decided in substance that the negotiation of a *single* sale of real estate did not make one a real estate broker, within the meaning of said ordinance defining such broker to be one who ''is *engaged*

*in* the selling of or negotiating sales of real estate belonging to others,'' and that compensation could be recovered by one negotiating such a single sale though he had not taken out a license under the ordinance. Counsel for defendant argue that, under the provisions of said Act, even the negotiation of a single sale of real estate by any person is unlawful without a previous compliance with the Act.

In Section 1 of the Act [Cahill's Ill. St. ch. 17a, ¶ 1] it is provided:

"That on and after January 1, 1922, it shall be unlawful for any person to act as a real estate broker or real estate salesman, or to advertise or assume to act as such real estate broker or real estate salesman, without a certificate of registration issued by the Department of Registration and Education.''

Then follows the proviso that nothing in the Act contained shall prohibit the co-operation or division of commissions between a duly registered broker of this State and a nonresident broker having no office in this State. Then follow the statements that ''No association, copartnership or corporation shall be granted a certificate of registration,'' and that it shall be unlawful for an association, copartnership or corporation to engage in the ''business or capacity,'' either directly or indirectly, of a real estate broker or real estate salesman, *unless* every member or officer of such association, etc., ''who actively participates in the brokerage business'' of such association, etc., shall hold a certificate of registration as a real estate broker, and unless every employee, who acts as a salesman for such association, etc., shall hold a certificate of registration as a real estate salesman.

In section 2 [Cahill's Ill. St. ch. 17a, ¶ 2] it is stated:

''A real estate broker within the meaning of this Act is any person, association, copartnership or corporation, who for a compensation, or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate, or who leases, or offers to lease, or rents or

offers for rent, any real estate, or negotiates leases thereof or of the improvements thereon for others. A real estate salesman within the meaning of this Act is any person who for a compensation or valuable consideration is employed either directly or indirectly by a real estate broker or by one person, copartnership or corporation *regularly engaged in the business* on his or its own account, and not as a broker or agent for others, of buying, selling or leasing real estate, to sell or offer to sell, or to buy or offer to buy, or to negotiate the purchases or sale or exchange of real estate, or to lease or offer to lease, to rent or offer for rent any real estate, or to negotiate leases thereof or of the improvements thereon, *as a whole or partial vocation.*"

Then follows the statement that the provisions of the Act shall not apply to any person, association, etc., who as owner or lessor shall perform any of the acts aforesaid with reference to property owned or leased by them, or to the regular salaried employees thereof, with respect to the property so owned or leased, where such acts are performed in the regular course of, or as an incident to, the management of such property and the investment therein, "and not in connection with a whole or partial vocation" of selling or offering to sell, buying or offering to buy, or negotiating the purchase or sale or exchange of real estate, or the leasing or offering to lease, or renting or offering to rent of any real estate, or the negotiation of leases therefor or of improvements thereon. Then follows the further statement that the provisions of the Act shall not apply to an attorney-in-fact for an owner, nor be construed to include services rendered by an attorney-at-law, nor to include a receiver, trustee in bankruptcy, administrator or executor, or any person selling real estate under order of court, etc.

In section 3 [Cahill's Ill. St. ch. 17a, ¶ 3], provision is made for the making of a verified written application, by the person desiring to obtain a certificate of

registration, to the Department of Registration and Education, upon blanks furnished by the Department, which application "shall contain proof of the honesty, truthfulness and integrity. of the applicant." And it is further provided: "Every real estate broker shall maintain a place of business in this State."

In section 4 [Cahill's Ill. St. ch. 17a, ¶ 4], provision is made for the issuance of a certificate of registration by the department to each applicant entitled thereto. It is stated that the certificate shall show the name and address of the applicant, and in case of a real estate salesman's certificate the name of the real estate broker by whom he is employed, and such other matters as shall be prescribed by the department; that it shall be the duty of every real estate broker "to conspicuously display his certificate in his place of business." That notice in writing shall be given to the department by each registrant "of any change of principal business location," and that such a change without notification to the department and without the issuance by it of a new certificate shall automatically cancel the certificate theretofore issued; and that the department shall deliver to each registrant a pocket card (stating its size and contents).

In section 5 [Cahill's Ill. St. ch. 17a, ¶ 5], are set forth certain provisions and requirements where a registered real estate salesman has been discharged from, or has terminated, his employment with a real estate broker.

In section 6 [Cahill's Ill. St. ch. 17a, ¶ 6], are stated the original registration fee and the annual renewal fee to be paid by a real estate broker and a real estate salesman, respectively. It is further provided that each registered real estate broker and each registered salesman, "who continues in active practice," shall annually, during the month of January, renew his certificate of registration and pay the required annual renewal fee.

In section 7 [Cahill's Ill. St. ch. 17a, ¶ 7], it is declared to be unlawful for any real estate salesman to accept a commission or valuable consideration, for the performance of any of the acts specified in the Act, from any person except his employer.

In sections 8, 9, 10 and 11 [Cahill's Ill. St., ch. 17a, ¶¶ 8, 9, 10, 11], are contained provisions regarding the suspension of real estate brokers or salesmen and the revocation of certificates, and for what causes, and as to hearings thereon. Section 12 concerns nonresidents. Section 13 provides for the publication, semiannually, by the department of a list of registrants and of all persons whose certificates have been suspended or revoked. In section 16 are prescribed the penalties for the violation of any of the provisions of the Act, and in section 17 it is provided that "Nothing in this Act contained shall affect the power of cities and villages to tax, license and regulate real estate brokers." And that "the requirements hereof shall be in addition to the requirements of any existing or future ordinance of any city or village so taxing, licensing or regulating real estate brokers."

In view of the provisions of the entire Act, and the manifest purpose thereof, we think it clear that the legislature intended to have it apply only to persons, associations, firms or corporations, who, *as a business or occupation,* make or negotiate sales, purchases, leases, etc., of real estate for others, and not to a person who is not in that business or occupation but who makes or negotiates a single sale, etc., for another. Adopting this construction we think it follows that plaintiff, in negotiating the single sale as disclosed in the present case, cannot be held to be a real estate broker within the Act in question, and that said Act presents no obstacle to plaintiff's recovery of the balance of his claim ($87.50) from defendant. (*O'Neill v. Sinclair,* 153 Ill. 525, 533.) The judgment

of the municipal court in our opinion should be affirmed, and it is so ordered.

*Affirmed.*

FITCH and BARNES, JJ., concur.